UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLINTON LYSHER,

    Plaintiff,

v.                                                                CASE No. 8:13-CV-1589-T-30TGW

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

    Defendant.

_____

REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security fails adequately to evaluate the opinion of an orthopedic surgeon that the plaintiff urgently needs surgery on his neck, I recommend that the decision be reversed and the matter be remanded for further consideration.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was fifty-three years old at the time of the administrative hearing and who has some college education, has no past relevant work (Tr. 34, 39). He filed a claim for supplemental security income payments, alleging he became disabled due to vertigo, hepatitis C, depression, and back and neck pain (Tr. 160). His claim was denied initially and upon reconsideration.

At his request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of lumbar spine herniated nucleous pulposus with spondylosis causing signal encroachment and cervical spine stenosis with cord impingement and narrowing (Tr. 30). He concluded that, with these impairments, the plaintiff has the residual functional capacity to perform "light work as defined in 20 CFR 416.967(b) except no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; and avoid exposure to extreme vibration" (Tr. 32). The law judge determined, based upon testimony from a vocational expert, that the plaintiff's residual functional capacity did not

preclude the plaintiff from performing jobs that exist in significant numbers in the national economy, such as merchandise marker, inspector, and office helper (Tr. 34-35). Accordingly, the law judge ruled that the plaintiff was not disabled (Tr. 35). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff asserts three challenges to the law judge's decision. First, the plaintiff argues that the law judge failed to assess Dr. Robert Kowalski's recommendation that the plaintiff have cervical spine surgery (Doc. 17, pp. 7, 10-11). Next, the plaintiff contends that the law judge should have given controlling weight to the opinion of Dr. Kenneth Botwin, who opined in a Physical Residual Functional Capacity Questionnaire that the plaintiff is essentially disabled from working (id., pp. 7, 11-14). Finally, the plaintiff argues that the law judge's finding that he had the residual functional capacity to perform light exertional work "is not supported by substantial evidence" (id., pp. 7, 14).

The plaintiff argues first that the law judge did not assess an opinion given by Dr. Kowalski (id., pp. 10-11). The plaintiff was being treated at the Florida Spine Institute for cervical and lumbar problems. He

was referred to Dr. Kowalski, an orthopedic specialist at that facility, for a surgical consultation (Tr. 357).

Dr. Kowalski examined the plaintiff in June 2012 (Tr. 349). The plaintiff told Dr. Kowalski that he has neck pain, balance problems and headaches, and that "[n]othing makes it better" (id.). Dr. Kowalski listed under the "Assessment & Plan" section of the report several diagnoses, including cervical myofascial pain, spinal stenosis in the cervical region, degeneration of cervical intervertebral disc, cervical neuritis or radiculitis, and cervical spondylosis with myelopathy (Tr. 351). The report concluded with this opinion (id.):

> His physical exam shows myelopathy with long tract signs - bilateral Hoffmann's and 3+ hyperreflexia. His Cervical MRI which shows C34 degeneration with a central herniation impinging the spinal cord with edema as wel[l] as degeneration at C45 and C56 with marked NFN. I am most concerned with degree of his symptoms and the cord compression. I would recommend urgent surgical decompression in the next 3 weeks to 3 months.

The plaintiff testified at the hearing that Dr. Kowalski told him that he needed to have surgery within three months (Tr. 44). He added that

the surgeon said that, if he waited too long, it could be a real problem and that he could possibly become paralyzed (id.). However, the plaintiff said that he did not have Medicaid or insurance to cover it, so he really could not get it done (id.).

The law judge's only comment about this evidence was the following (Tr. 33):

> Treatment notes also indicated that the claimant was recommended for a possible surgical decompression; yet, there is no indication that this recommendation was of the urgency as described by the claimant at the hearing.

The plaintiff argues based on Sharfarz v. Bowen, 825 F.2d 278 (11th Cir. 1987), that the law judge was "required to state with particularity the weight he gave different medical opinions and the reasons therefor," and that the law judge failed to comply with that requirement with respect to Dr. Kowalski's opinion (Doc. 17, p. 11). See also Hudson v. Heckler, 755 F.2d 781, 785-86 (11th Cir. 1985). The law judge did not mention Dr. Kowalski at all, although there was a citation to his report (Tr. 33).

The Commissioner argues that Dr. Kowalski's statements do not constitute a medical opinion (Doc. 20, p. 6). Dr. Kowalski's statements that

"I am most concerned with degree of his symptoms and the cord compression" and that "I would recommend urgent surgical decompression in the next 3 weeks to 3 months" (Tr. 351) look like a medical opinion to me. But if those statements are not a medical opinion, then they are medical findings, in which case there is even greater need to evaluate the statements.

The law judge did not state what weight he gave to Dr. Kowalski's opinion. Arguably, he may have implicitly given it no weight. However, he did not provide any valid basis for doing so.

In the first place, the report from Dr. Kowalski cannot fairly be dismissed as "[t]reatment notes," as the law judge characterized it. The matter was referred to Dr. Kowalski, as a member of the Florida Spine Institute, to obtain his assessment of the plaintiff based upon Dr. Kowalski's specialty as an orthopedic surgeon. Thus, for example, it was not merely a note regarding a medication check by a pain management doctor. Rather, it was an opinion by an orthopedic surgeon following a physical examination and a review of the plaintiff's cervical MRI.

More significantly, the law judge did not meaningfully address Dr. Kowalski's statements. At most, he discounted – erroneously – testimony

given by the plaintiff. Thus, the law judge said that there was "no indication that this recommendation [of surgical decompression] was of the urgency as described by the claimant at hearing" (Tr. 33). However, Dr. Kowalski expressly stated that he "would recommend urgent surgical decompression in the next 3 weeks to 3 months" (Tr. 351). This statement by Dr. Kowalski was not addressed at all by the law judge.

The recommendation for urgent surgery emphasizes the seriousness of the plaintiff's neck condition. However, the law judge did not factor this circumstance into his determination of the plaintiff's residual functional capacity. Under the substantial evidence test, great deference is ordinarily due the law judge's findings. That deference is not due, however, where, as here, there is a major flaw in the law judge's assessment.

Notably, the plaintiff also contends that the law judge should have given controlling weight to the opinion of Dr. Botwin, a treating doctor who opined in a Physical Residual Functional Capacity Questionnaire ("Questionnaire") that the plaintiff was essentially disabled (Doc. 17, p. 11; Tr. 340-44).

The law judge expressly considered Dr. Botwin's opinion of extreme limitations and stated that he gave "this opinion evidence little weight, as it is inconsistent with the findings of record and the claimant's testimony at hearing" (Tr. 33). The law judge's evaluation of Dr. Botwin's opinion was reasonable. The opinion appears on its face to be overstated and is more restrictive than even the plaintiff testified to at the hearing. Nevertheless, the law judge may have decided to give Dr. Botwin's opinion at least some weight if considered in light of a proper assessment of Dr. Kowalski's opinion of an urgent need for surgery.

The plaintiff's final contention is a two-paragraph argument that the law judge's determination of his residual functional capacity is not supported by substantial evidence (Doc. 17, p. 14). Specifically, the plaintiff contends that a finding of light work "is simply unreasonable for a claimant with the objective MRI findings like [the plaintiff] as well as the current opinion that he must have a cervical fusion within the next months" (id.). In this respect, the plaintiff points out that, if he were limited to sedentary work, he would most likely be determined to be disabled under the medical-vocational guidelines (id., p. 11).

This contention merely repeats the plaintiff's previous arguments. Consequently, no further discussion on this issue is necessary.

IV.

For these reasons, the decision of the Commissioner fails adequately to address Dr. Kowalski's opinion. I, therefore, recommend that the decision be reversed and the matter remanded for further proceedings.

Respectfully submitted,

THOMAS G. WILSON
DATED: MAY 7, 2014        UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).